## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| JENNIFER R. COX, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **6:16-cv-01515-AKK** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Jennifer R. Cox brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standards and that his decision — which has become the decision of the Commissioner — is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I. PROCEDURAL HISTORY

Cox protectively filed her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on April 30, 2013, alleging a disability onset date of March 9, 2013 due to anxiety and cataracts. (R. 193–97, 227, 231). After the SSA denied her application, Cox requested a hearing before

an ALJ.  (R. 180–81).  The ALJ subsequently denied Cox's claim, (R. 62–77), and the Appeals Council denied review, (R. 1–4), rendering the ALJ's opinion the final decision of the Commissioner.  Cox then filed this action pursuant to § 405(g). Doc. 1.

## II.  STANDARD OF REVIEW

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 791 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 894 F.2d at 1529

(quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five-step analysis. 20 C.F.R. §§ 404.1520(a)–(f). Specifically, the Commissioner must determine, in sequence:

    (1) whether the claimant is currently unemployed;

    (2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. §§ 416.920(a)–(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. The ALJ's Decision

In performing the five-step analysis, the ALJ determined that Cox met the criteria for Step One, because she had not engaged in any substantial gainful activity since her alleged onset date in March 2013. (R. 67). Next, the ALJ acknowledged that Cox's impairments of "[a]nxiety, headache, bronchitis, and neuropathy" met the requirements of Step Two. (*Id.*). The ALJ then proceeded to the next step and found that Cox did not satisfy Step Three, because she did "not have an impairment or combination of impairments that meets or medically equals

the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. 68) (internal citations omitted).

In this step, the ALJ considered the "paragraph B" and "paragraph C" criteria, but found they were not satisfied, because Cox has only "mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of de-compensation, each of extended duration." (R. 69, 72; *see also* R. 148–49). The ALJ further noted that Cox tends to her own personal care, performs household chores, watches television, accompanies her children to and from the school bus, and can pay bills, count change, handle a savings account, and use a checkbook and money orders. (*Id.*). Finally, the ALJ noted numerous entries in the medical record indicating that Cox had presented at medical appointments with appropriate mood, affect, and orientation. (R. 71) (citing, *e.g.*, R. 369 ("alert" and in "no acute distress"), 387 ("normal psych exam, normal mood/affect, oriented"), 437 ("normal" psychomotor activity, "appropriate" mood/affect, "intact" capacity for ADL's), 490 (no psychiatric symptoms reported)).

Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that, at her date last insured, Cox had the residual functional capacity ("RFC") to "perform light work as defined in 20 C.F.R. §§ 404.1567(b) and

416.967(b)," except that Cox should "avoid concentrated exposure to pulmonary irritants" and "extreme cold and heat," can "perform indoor work requiring simple, routine tasks requiring simple work-related decision-making, but not requiring contact with the general-public and only occasional contact with co-workers," and "should deal primarily with objects rather than people." (R. 72–73). In light of Cox's RFC and the testimony of a vocational expert, the ALJ determined that Cox was unable to perform any past relevant work. (R. 75). Still, the ALJ found that Cox "has not been under a disability, as defined in the Social Security Act, from March 9, 2013." (R. 76).

## V.    ANALYSIS

Cox, who is proceeding *pro se*, did not file a formal brief in support of disability, but instead filed a "Response to Defendant's Answer," in which she raises five contentions of error. *See* doc. 7.[1] For the reasons below, the court rejects each contention and affirms the ALJ's decision.

### A. The ALJ's Alleged Failure to Consider the Side Effects of Cox's Medications

Cox contends that the ALJ failed to consider the side effects of unspecified medications Cox takes, which "cause drowsiness" and render Cox "unable . . . to perform any duties." Doc. 7 at 1. The record belies this contention, however, as

---

[1] Cox also filed two submissions after the Commissioner filed her brief, docs. 10 & 11, but these filings consist almost entirely of Cox's medical records.

the ALJ expressly considered this side effect in his decision. (*See, e.g.*, R. 69 ("[Cox] indicated that her current mental health medication caused drowsiness and that she slept during the day."), *id.* ("The claimant's mother observed that the claimant slept a lot after she took her medication.")). Despite this, the ALJ found that Cox can still work, because numerous entries in Cox's medical records indicate that she presented to medical appointments alert and oriented, (*see, e.g.*, R. 457 ("[a]wake, alert, with orientation to person, place and time"), R. 449 ("fully alert to time and person"), R. 524, 526 (side effects "[w]ere neither reported nor observed")), and Cox exhibits only mild limitations in her activities of daily living, (*see, e.g.*, R. 249–51, 258). The court finds no error with this assessment.

**B. The ALJ's Alleged Failure to Consider Cox's Work History**

Cox next contends that she has "[n]ot [been] able to obtain or keep a Job due to [her] sickness" and that she "[has] been off work Since March 8, 2013." Doc. 7 at 1. The ALJ agreed, in part, by finding that Cox is unable to perform her past relevant work. (R. 75). The ALJ found, however, that other jobs exist that Cox can perform despite Cox's impairments. (R. 76). The court finds no error in this finding.

**C. The ALJ's Alleged Failure to Consider Cox's Activities of Daily Living**

Cox contends next that the ALJ failed to consider her activities of daily living, because Cox is unable to "fix [her] own meals" or "properly dress [herself]

at times" without help, and "[a]nxiety and major depression keep[] [Cox] from socializing [or] being able to take [her] kids out and do things or be able to shop with them or go to a movie." Doc. 7 at 1. The ALJ's determination belies this contention. In fact, as the ALJ noted, "[Cox] indicated that she had no significant problems providing for her own personal care," (R. 69 (citing R. 250)), and Cox's mother "indicated that [Cox] had no significant problem providing for her own personal care," (*id.* (citing R. 258)). Moreover, the ALJ also referenced Cox's limitations, noting that Cox "[does] not attend social activities or the children's school activities." (*Id.* (citing R. 252–53)). Accordingly, because the ALJ, in fact, considered Cox's daily activities, the court finds no error.

## D. Cox's Contention that Most of Her Impairments Have "Lasted More than 12 Months"

Cox contends that she suffers from the following conditions that have "lasted more than 12 months and [are] expected to continue longer": chronic bronchitis; neuropathy; tendonitis; vertigo; insomnia; cardiomyopathy; pulmonary embolism; arthritis; anxiety and major depression; migraine headaches; gallbladder dysfunction; and liver problems. Doc. 7 at 2–3. Unfortunately for Cox, a claimant must not only show a severe impairment that lasts twelve months, but also that the impairment renders the claimant unable to engage in substantial gainful activity for a period of twelve months. *See Barnhart v. Walton*, 535 U.S. 212, 219 (2002) ("[T]he 'impairment[]' both must last 12 months and also must be severe enough

to prevent the claimant from engaging in virtually any 'substantial gainful work.'"). *See also Davis v. Barnhart*, 186 F. App'x 965, 967 (11th Cir. 2006). In light of Cox's failure to make such a showing, the court finds no error in the ALJ's determination.

### E. Cox's Allegations of Race Discrimination

Finally, Cox states that she "feel[s] as though [she] [is] being discriminated against due to [her] race and [that] [her] civil rights have been violated," and her disabilities "over looked." Doc. 7 at 3. There is no allegation of race discrimination in Cox's complaint, *see* doc. 1, and, in any event, Cox's allegations are conclusory and lack factual support. As such, they do not provide a basis for relief.[2]

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Cox is not disabled and has the RFC to perform light work with additional restrictions is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's

---

[2] *See Turner v. Colvin*, No. 4:14-cv-622-WS/CAS, 2015 U.S. Dist. LEXIS 74405, at *11 (N.D. Fla. May 7, 2015), *adopted by* 2015 U.S. Dist. LEXIS 74399 (N.D. Fla. June 9, 2015) ("Plaintiff argues in her memorandum that the SSA has discriminated against her. Pro se complaints are held to less stringent standards than those drafted by an attorney. Nevertheless, without more, Plaintiff has not stated a cause of action against the SSA or its employees for discrimination. More than conclusory allegations of unconstitutional acts are required.") (citations omitted).

final decision is **AFFIRMED**.  The court will enter a separate order in accordance with this Memorandum Opinion.

      **DONE** the 26th day of April, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE
